IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA K. STILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-103 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

## SYNOPSIS

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 405(g). She seeks judicial review of the final decision that denied her application for disability insurance benefits under Title II of the Act, and for supplemental security income benefits under Title XVI of the Act. Before the Court are the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion will be denied, and Defendant's granted.

## I. PROCEDURAL HISTORY

Plaintiff initially sought disability insurance benefits and supplemental security income, under Titles II and XVI of the Act, on October 11, 2000. She alleged disability since March 24, 1998, when she was forty-two years of age, resulting from

various back conditions, including scoliosis and a broken rod in her back. Her request was denied initially and on reconsideration. As a result, on December 6, 2001, Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). By decision dated February 27, 2002, the ALJ determined that Plaintiff was not entitled to the benefits sought. Plaintiff sought review by the Appeals Council. Her appeal was rejected, and this action followed.

## II. STANDARD OF REVIEW

My review of the Commissioner's findings is limited to whether those findings are supported by "substantial evidence." Richardson v. Parales, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). "Substantial evidence" is more than a scintilla of evidence, but less than a preponderance; it is such evidence as a "reasonable mind might accept as adequate to support a conclusion." Cotter v. Harris, 642 F. 2d 700, 704 (3d Cir. 1981). This is true, even if this court would have decided the case differently. Monsour Med. Ctr. v. Heckler, 806 F. 2d 1185, 1190 (3d Cir. .

## III. DISCUSSION

Plaintiff's Motion alleges that the ALJ erred in the following respects: 1) in concluding that she does not meet the severity requirements under the Act; 2) in giving insufficient weight to her subjective pain complaints; 3) in improperly rejecting her treating physician's opinion; 4) in determining that her performance of daily activities indicated that she could perform gainful employment; 5) in considering the potential jobs identified by the vocational expert ("VE"); and 6) in finding that Plaintiff has a residual functional capacity ("RFC") of light duty.

1. **Severity**

Plaintiff asserts that she meets the requirements of Section 1.04, musculoskeletal listings. 20 C.F.R. pt. 404, subpt. P., App. 1, 1.04. I agree with Defendant, however, that evidence required by that Section is lacking. Plaintiff asserts a compromised cauda equina, but the record reflects only the "potential" for compromise of the cauda equina, at the site of a fractured rod, in September of 2000. Plaintiff points to no evidence of nerve root compression, arachnoiditis, inability to ambulate effectively, as described in Section 1.04. Therefore, the evidence does not support her argument, and the ALJ did not err.

2. **Subjective Pain Complaints**

Next, Plaintiff asserts that the ALJ failed to properly evaluate her subjective complaints of pain. However, the ALJ assessed and considered her subjective complaints, and explained that those complaints of totally disabling pain were not credible in the entire context of the record, including the medical functional capacity assessments and the Plaintiff's daily activities. As stated in another case, "Not only do courts 'ordinarily defer to an ALJ's credibility determination because he or she has the opportunity at a hearing to assess the witness's demeanor,' but here, the ALJ specifically lists the specific criteria under which he evaluated [Plaintiff's] subjective complaints pursuant to 20 C.F.R. § 416.929 and the credibility finding must stand." Doerfler v. Barnhart, No. 04-3488, 2005 U.S. Dist. LEXIS 11134, at **8-9 (E.D. Pa. June 7, 2005). "In order for an ALJ to reject a claim of disabling pain,

he must consider the subjective pain and specify his reasons for rejecting these claims and support his conclusion with medical evidence in the record." Matullo v. Bowan, 926 F.2d 240, 245 (3d Cir. 1990). In this matter, the ALJ did so, and therefore did not err.

### 3. Treating v. Consulting Physician

Plaintiff argues that the ALJ improperly gave more weight to the consulting examiner's opinion rather than to that of Plaintiff's treating physician. In this case, however, the ALJ expressly gave significant weight to the treating surgeon's assessment; in contrast, he made little mention of the non-examining medical consultant. Accordingly, I conclude that the ALJ did not err.

### 4. Daily Activities

Next, Plaintiff challenges the ALJ's consideration of her daily activities, such as preparing meals, grocery shopping, and doing laundry. The ALJ did not rely solely on those activities, however; instead, he considered the evidence as part of the totality of the record. This is an appropriate approach to such testimony. See 20 C.F.R. § 416.929. The ALJ did not err in that regard.

### 5. Vocational Evidence

Next, Plaintiff argues that the ALJ erred, essentially, in failing to include in his hypothetical question to the VE an employment limitation requiring more than three breaks a day. Plaintiff does not, however, point to evidence that such an impairment was supported by the record. Instead, the ALJ modeled his hypothetical question on record evidence provided by Plaintiff's treating surgeon. Therefore,

4

the ALJ did not err in either his hypothetical questions or his consequent reliance on the VE's responses.

### 6. Light Duty RFC

Finally, Plaintiff contends that the ALJ erred in finding an RFC of light duty, because she is unable to stand for three to four hours per day.  Hence, she argues, the Dictionary of Occupational Titles would not permit her to perform light work. The record does not, however, reflect such a standing limitation.  Moreover, in finding a light duty RFC, the ALJ relied on the testimony of a vocational expert, as well as medical opinions.  He did not reach his own conclusions regarding the Dictionary of Occupational Titles.  Plaintiff's argument in this regard, therefore, is unavailing.

### CONCLUSION

In sum, the ALJ's decision is supported by substantial evidence, and the ALJ did not commit error as alleged by Plaintiff.  Therefore, Defendant's Motion for Summary Judgment will be granted; Plaintiff's will be denied.

An appropriate Order follows.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRENDA K. STILES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-103 |
| | ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) |
| | ) |
| | ) |
| Defendant. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **17th** day of October, 2005, it is hereby ORDERED, that Plaintiff's Motion for Summary Judgment (Docket No. 8) is DENIED and Defendant's Motion for Summary Judgment (Docket No. 10) is GRANTED. Judgment is entered in favor of Defendant and against Plaintiff. This case is marked closed.

BY THE COURT:


/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge